Margaret Schumm, Respondent, v. State of New York, Appellant. (Claim No. 34988.) — The State appeals from a judgment of the Court of Claims based upon an award of $4,500 for personal injuries sustained by claimant when she fell in a picnic area of a park maintained by the State. The accident happened in Palisades Interstate Park, which consists of a mountainous area on the west shore of the Hudson River. There are many protrusions of rock from the underlying solid rock formation which project above the surface of the ground in the picnic area. It is undisputed that all loose stones were raked up and removed. A part of a permanent rock formation protruded about one foot above the ground surface a foot or two away from a picnic bench. This protrusion was clearly exposed and visible, as were many others in the area. The rocky nature of the area was "consistent with the spirit and purposes for which this recreational area was created", and the Court of Claims so found. The court also found that "The claimant saw or should have seen the 12 inch high rock before the accident since she sat on the same bench at two positions and on two occasions within a distance of a foot or two away from it." Claimant testified that when she got up from the bench attached to the picnic table, she stepped backward and her foot came in contact with the rock projection and she fell. The Court of Claims based the award upon a finding "That the placement of the table and attached seat in close proximity to the outcropping of rock was negligence." We find nothing in the record to support such a finding: A visitor to a park of this nature cannot expect smooth, level terrain. It was impossible as well as undesirable for the State to remove the natural rocky projections. The rocky projections were numerous and were perfectly obvious to anyone. Under such conditions negligence may not be predicated upon placing one of many picnic tables "near" a protruding rock. To do so would place a wholly unrealistic burden upon the State and make it practically ·an insurer against mishaps resulting from the natural

character of the area. Moreover, the undisputed facts and the findings of the court would seem to support contributory negligence on the part of claimant. The State's motion to dismiss should have been granted. Judgment reversed on the law and facts and the claim dismissed, without costs.